Good morning. My name is Anthony. I believe the issues surrounding the denial by the immigration judge and the subsequent affirmers of the immigration judge's denial of the petitioner and appellant's political asylum application have been sufficiently briefed by both sides. And I will not spend time on that, but the issue that I want to quickly address is, as this court recalls, the court or this court remanded this matter back to the BIA sometime in January 2006 pursuant to the respondent's motion for the BIA to consider the IG's erroneous reliance on the purported fraudulent marriage certificate from India submitted by the appellant. And the BIA's decision regarding that issue was that the IG or the immigration judge erroneously relied on the fraudulent marriage certificate because the appellant did not know about the document. As I understand, basically what the BIA did was to exclude reliance on that allegedly fraudulent divorce decree, but then hold that there was still substantial evidence to support the IG's ruling based on all the other evidence. Yes, correct, Your Honor. That is the gist of the decision. But it is our position that the same flaw that affected that marriage certificate, which was subsequently held not to be against the appellant, is the same issue regarding the decisions the IG relied upon when he ruled that the affidavit from the appellant's mother from India contained a statement that the mother was arrested in India. That was after the appellant had left India. I'm not sure I understand your argument, Counselor. Are you saying there's no way that you can excise the fraudulent Indian divorce decree from the rest of the case? Yes, I was going to get to that. There's no way that can be excised because the IG specifically in his ruling states that he relied on the fact that the government has shown him that the divorce decree from India was fraudulent in reaching his decision. So I don't believe there's a way to excise his reliance. But he didn't state that he relied upon that the second time around, did he? Did he make any reference whatsoever to the divorce decree? Well, I'm also going to get to that because the mother never went back to the IG to consider that fact. And it is our position that the mother should have been remanded back to the IG for a determination of that. But instead, the mother ended with the BIA where a determination was made. But the board found that there were material inconsistencies that went to the heart of his claim that arose within the context of the letter that was obtained from the Indian attorney and that that inconsistency was sufficient to support the adverse credibility finding, correct? Correct, Your Honor. But it is our position that the same standard used in excising the divorce certificate should have been used in also, or the same way should have been given to document the documents that were also produced from India by his attorney and the affidavit of his mother. Okay, so now you're challenging the weight that the immigration judge should or should not have accorded to the other evidence. Is that your argument? Yes, that's my argument, Your Honor. Okay. And the reason for that is it is very clear from the records that the appellant had left India when these events occurred. Yes, but didn't he obtain the letter from the Indian lawyer while he was in proceedings here in the United States? Yes, he did. And wasn't part of the IJ's concern that he submitted that letter in support of his asylum application and yet testified at the meritorium that he had no idea of the contents, even though he had procured it and submitted it to the immigration court? Yes, Your Honor, that was the IJ's concern. Why is that not a legitimate concern? Because the facts and the facts also show that he never denied that it occurred. He said he was not aware that it was his testimony. I don't think you heard my question. Why is it improper for the immigration judge in assessing the veracity of the letter to disbelieve the petitioner's sworn statement that even though he procured that letter to support his claim for asylum and submitted it to the immigration judge hoping the judge would rely upon it, that he nonetheless had no idea what it contained? Your Honor, I think the proper weight that should have been given to that document is whether those documents show future persecution. Because the appellant correctly testified during the trial as to everything that happened to him. Those letters, the contents of the letters, the affidavit and the letter from the attorney was talking about events that occurred after the appellant had left. The question that was posed to your client on the record was whether he had been arrested or had been charged in India or whether any harm had befallen his mother. And he testified unequivocally, no. But the contents of the letter refute that statement and disprove it. And the question is, at the time that he testified, having submitted that letter before he testified, is that inconsistent on a major issue that goes to the heart of his claim? And the immigration judge found it was, both material and inconsistent. I agree with the court's assessment as to what the immigration judge found. But what I'm questioning is the basis of the judge's reliance on those assessments. The basis really, as I tried to explain earlier, the appellant had already left India when these events occurred. The affidavit was talking about what happened after the appellant left India. But the lawyer's letter was also talking about his photographing cosplay in the New Delhi airport after the appellant left India. That's not how the testimony came in, counsel. As I read the record, the question was an open-ended question to which he gave an unequivocal response, which is flatly inconsistent with what's contained in the letter. And when he was asked to explain the inconsistency, he had two explanations. One, I didn't really read it. Maybe it was in English and I only speak Punjabi. Or I forgot. Which we also argue that that was a credible explanation. But I will allow the court to give whatever weight it will to that. Well, I mean, the trier of fact has to then decide whether he's telling the truth or not based on that explanation, right? I'll go with that, Your Honor. But also, Your Honor, when the BIA found that the judge erroneously relied on the divorce certificate from India, I believe the matter should have been remanded or the adjustment of status should have been – or the matter should have been remanded to the IG for the adjustment of status, or to the Department of Homeland Security to adjust their status on behalf of the appellant. And that is what – Can I ask you one question? You've used your time. Your argument that when we remanded – when this case was remanded to the BIA because of improper reliance on the fraudulent – on one of the affidavits or the divorce decree, you argued here that it should have been sent back to the immigration judge to make the determination of whether he relied on it. But I didn't see that argument in your brief. Did I miss something? I believe I – You argued there should be a remand for the adjustment of status. Correct, Your Honor. But I didn't see the argument that you should – that the BIA should have sent it back to the IJ for a redetermination of credibility. I don't believe that I sufficiently explored it, but I – Okay. It's an interesting argument. Yes. Okay. Thank you. You've used your time. We'll hear from the Governor. Good morning, Your Honor. May it please the Court, Nyree Grzynski on behalf of the Government. The inconsistencies identified by the agency between Singh's testimony and his documentary evidence went to the heart of his claim and supported the adverse credibility findings. These inconsistencies identified were that there were two documents supported by the – presented by the alien, which presented that he had criminal charges pending against him in India, and also that he – his mother had been arrested and harmed while in India. I'd argue that the alien here needs to be held accountable for the documents he submitted supporting his asylum application. We need to present some responsibility to the alien for presenting these documents to support his claim. I'd like to also address the adjustment remand question. As the record indicates, Petitioner applied for a I-130 based on a fraudulent marriage. Under 8 U.S.C. 1255A2N3 and 8 U.S.C. 1154C, he is now statutory and eligible for adjustment, and USCIS could not adjust his status even if remanded back to the agency to consider. That's because of what? The two statutes. It's based on a fraudulent marriage, and thus he's now eligible for adjustment of status. A fraudulent marriage. Yes. Even if he has a good marriage now? I'm sorry, Your Honor? Even if he has a good marriage now? Well, it's based on the same marriage to the same woman, which they found to be fraudulent beforehand. And although the documents he submitted as exhibits are not before the court, I point out that he didn't even attend his interview for this, again, to consider the marriage. So I'd rest on the fact that in this case, Petitioner failed to demonstrate asylum withholding and CAP based on his incredible testimony. If there's no questions, I'd rest on our brief. Just a couple quick questions. Since you've gone outside the record, let me ask you. Counsel for Petitioner suggests that it was error not to have remanded this to the IJ, as opposed to the BIA simply picking up on half of what was said before. What's your position on that? The board was correct in its decision. There was no requirement to remand the case all the way back to the IJ. It based its decision on facts already found on the IJ and simply concluded that it would not rely on those facts. Do you believe that there's any case law that shows that the BIA can bifurcate like that? There's a board decision on the same matter of SB. I might be wrong on the initials. That indicates that the board has the authority to reevaluate and weigh the facts that the IJ has presented. Okay. Yeah. Any other questions? Was this raised before the board that it should have been remanded? No, it was not. It was un-exhausted. Okay. Thank you. Thank you so much. Any further questions? Thank you. Any further questions of the petitioner? All right. Thank you. The case just argued is submitted for decision. We'll hear the next. The next case listed is Yang v. Holder, which has been referred to the mediator. So we wish the mediator good fortune on that. And we'll hear the next case, which is Cabachang v. UCIS.
judges: Schroeder, Tallman, Smith M.